**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

_____

|  |  |  |
|---|---|---|
| MARVIN M. BRANDT, and | ) | |
| MARVIN M. BRANDT REVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | No.  09-265L |
| | ) | |
| v. | ) | Hon. Emily C. Hewitt |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | (Electronically filed June 29, 2009) |
| | ) | |
| Defendant. | ) | |

_____)

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING COMPLETION OF RELATED CASE, AND MEMORANDUM IN SUPPORT THEREOF

JOHN C. CRUDEN
Acting Assistant Attorney General

JOSHUA A. DOAN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044
Tel: (202) 305-0874
Fax: (202) 305-0506
E-mail: joshua.doan@usdoj.gov

Of Counsel:

James B. Snow
Special Counsel for Real Property
U.S. Department of Agriculture
Office of the General Counsel
1400 Independence Ave., S.W.
Washington, D.C. 20250-1400

Dated this 29th day of June, 2009

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

MOTION........................................................................................................................... 1

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO STAY PROCEEDINGS PENDING COMPLETION OF RELATED
CASE ............................................................................................................................... 2

I.    PROCEDURAL AND FACTUAL BACKGROUND........................................................ 2

II.   STANDARD OF REVIEW ........................................................................................ 9

III.  ARGUMENT.......................................................................................................... 9

       A.    The Brandts Cannot State A Legally Cognizable Fifth-Amendment Takings Claim
           Because The District Court Has Already Ruled That The United States Holds
           Title To The ROW, Which The Brandts Allege Was Taken From Them. .............. 9

       B.    In The Alternative, If This Court Determines That Dismissal Would Be
           Premature, This Court Should Stay This Action Pending The Resolution Of The
           Brandts' Appeal To The Tenth Circuit. ............................................................. 13

IV.  CONCLUSION ...................................................................................................... 14

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Abbey v. United States,
  82 Fed. Cl. 722 (2008) ................................................................................................ 9

Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,
  988 F.2d 1157 (Fed. Cir. 1993) ................................................................................... 9

Allustiarte v. United States,
  256 F.3d 1349 (Fed. Cir. 2001) ................................................................................. 13

Am. Contractors Indem. Co. v. United States,
  81 Fed. Cl. 682 (2008) ................................................................................................ 9

Banks v. United States,
  68 Fed. Cl. 524 (2005) .............................................................................................. 10

Beres v. United States,
  64 Fed. Cl. 403 (2005) ................................................................................................ 6

Cienega Gardens v. United States,
  331 F.3d 1319 (Fed. Cir. 2003) ................................................................................. 10

Fisher v. United States,
  402 F.3d 1167 (Fed. Cir.2005) .................................................................................... 9

Hash v. United States,
  403 F.3d 1308 (Fed. Cir. 2005) ................................................................................... 6

In re Freeman,
  30 F.3d 1459 (Fed.Cir.1994) ..................................................................................... 10

Joshua v. United States,
  17 F.3d 378 (Fed.Cir.1994) ....................................................................................... 13

Maritrans, Inc. v. United States,
  342 F.3d 1344 (Fed. Cir. 2003) ................................................................................. 10

Montana v. United States,
  440 U.S. 147 (1979) ................................................................................................... 11

Morgan v. Dep't of Energy,
  424 F.3d 1271 (Fed. Cir. 2005) ................................................................................. 11

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
  998 F.2d 1192 (3d Cir.1993) .................................................................................... 9

Rice v. Dep't of the Treasury,
  998 F.2d 997 (Fed. Cir. 1993) ................................................................................. 11

Sebastian v. United States,
  185 F.3d 1368 (Fed. Cir. 1999) ................................................................................. 9

Shell Petroleum, Inc. v. United States,
  319 F.3d 1334 (Fed. Cir. 2003) ......................................................................... 10, 11

SSIH Equipment S.A. v. United States Intern. Trade Com'n,
  718 F.2d 365 (Fed. Cir.1983) .................................................................................. 11

Texas State Bank v. United States,
  423 F.3d 1370 (Fed. Cir. 2005) ............................................................................... 10

United States v. Wyoming & Colorado Railroad Co.,
  No. 09-8047 (10th Cir., filed May 1, 2009) .......................................................... 9, 13

United States v. Wyoming & Colorado Railroad Co.,
  No. 06-cv-184J (D. Wyo. Mar. 2, 2009) ........................................................... *passim*

Vereda Ltda v. United States,
  271 F.3d 1367 (Fed. Cir. 2001) ............................................................................... 13

Watson v. United States,
  49 Fed. Cl. 728 (2001)............................................................................................ 11

Wyatt v. United States,
  271 F.3d 1090 (Fed. Cir. 2001) ............................................................................... 10

**FEDERAL STATUTES**

16 U.S.C. § 485.......................................................................................................... 3

16 U.S.C. § 1248............................................................................................ 4, 5, 6, 7, 8

28 U.S.C. § 1491(a)(1)................................................................................................. 6

28 U.S.C. § 1631........................................................................................................... 7

43 U.S.C. § 912............................................................................................... 4, 6, 7

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY
PROCEEDINGS PENDING COMPLETION OF RELATED CASE, AND
MEMORANDUM IN SUPPORT THEREOF**

**MOTION**

Pursuant to RCFC 12(b)(6), Defendant, the United States of America, hereby respectfully

moves this Court to dismiss the complaint filed by Marvin M. Brandt and the Marvin M. Brandt

Revocable Trust (collectively, "the Brandts") in the above-captioned action for failure to state a

claim upon which relief can be granted.  The Brandts seek compensation for the alleged taking of

a federally granted railroad right-of-way across their property, but they acknowledge in their

complaint that a federal district court has already held that the right-of-way belonged to the

United States, rather than the Brandts, on the date of the alleged taking.  United States v.

Wyoming & Colorado Railroad Co., No. 06-cv-184J (D. Wyo. Mar. 2, 2009) (Dist. Ct. Dkt. 200,

attached hereto as Exhibit A).[1]  The doctrine of collateral estoppel (issue preclusion) bars the

Brandts from relitigating in this Court the issue of ownership of the right-of-way and, as such,

the Brandts cannot establish a necessary element of their claim for just compensation.

Alternatively, Defendant notes that this Court may elect to stay further proceedings

pending the completion of all appeals of the above-referenced district-court judgment.  On April

29, 2009, the Brandts appealed that judgment to the United States Court of Appeals for the Tenth

Circuit.  United States v. Wyoming & Colorado Railroad Co., No. 09-8047 (10th Cir. filed May

1, 2009).  That appeal remains pending, and the Brandts' opening brief currently is due to be

filed in the Tenth Circuit on July 30, 2009.  In the event that this Court concludes that the district

court's final judgment on the issue of ownership of the railroad right-of-way is not entitled to

---

[1] Citations to documents filed by the parties or issued by the district court in the quiet title
lawsuit are identified by their district-court docket numbers.

preclusive effect because the Brandts have appealed that judgment to the Tenth Circuit, this

Court should stay this action pending the resolution of the Brandts' appeal.

A memorandum in support of this motion follows.

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING COMPLETION OF RELATED CASE

## I.      PROCEDURAL AND FACTUAL BACKGROUND

This action arises from a 2009 final judgment entered by the United States District Court

for the District of Wyoming in a quiet title lawsuit brought by the United States.  United States v.

Wyoming & Colorado Railroad Co., No. 06-cv-184J (D. Wyo. Mar. 2, 2009) (Dist. Ct. Dkt. 200,

attached hereto as Exhibit A).   The defendants in that lawsuit were the Wyoming and Colorado

Railroad Company, Inc. ("WYCO"), the Board of County Commissioners of Albany County,

Wyoming, the Marvin M. Brandt Revocable Trust, and its Trustee, Marvin M. Brandt, along

with other landowners whose property within the Medicine Bow National Forest was traversed

by a railroad right-of-way (the "ROW") on which WYCO had previously offered rail service.

(Dist. Ct. Dkt. 1 (Compl.) at 2-6; see also Dist. Ct. Dkt. 105 (Am. Compl.) at 2-6).  The United

States eventually settled its claims with all of the district-court defendants except the Marvin M.

Brandt Revocable Trust and its Trustee, Marvin M. Brandt (collectively, "the Brandts").  (Dist.

Ct. Dkt. 170 (Apr. 8, 2008, Mem. Op. & Order,) at 4.)  (A copy of the Memorandum Opinion

and Order is attached hereto as Exhibit B.)

The United States granted the ROW to the Laramie, Hahns Peak, and Pacific Railway

Company in 1908 pursuant to the General Railroad Right-of-Way Act of 1875.  (Pls.' Compl. ¶

15.) [2]  The Brandts became the owners of land traversed by the ROW through a series of

_____

[2] Citations to "Pls.' Compl." refer to the complaint filed in this action.  For purposes of this
Motion to Dismiss (and solely for such purposes), the United States assumes the truth of the

transactions that began 68 years later.  (Id. ¶ 19.)  In February 1976, the United States issued a

patent pursuant to 16 U.S.C. § 485 granting 83.32 acres of land (the "property") within the

boundaries of the Medicine Bow National Forest to Plaintiff Marvin Brandt's parents, Melvin M.

Brandt and Lula Brandt.  (Id.)  In 1979, Melvin M. Brandt and Lula Brandt established a

survivor's trust and placed the property in that trust.  (Id. ¶ 24.)  Marvin Brandt was the trustee of

the survivor's trust.  (Id. ¶ 29.)  In November 2002, Marvin Brandt, acting in his capacity as

trustee of the survivor's trust, quitclaimed the property to himself in his capacity as a "single

person."  (Id.)  He then, acting in his capacity as a "single person," quitclaimed the property to

the Marvin M. Brandt Revocable Trust, his fellow Plaintiff in this action.  (Id.)  Marvin Brandt is

the trustee and primary beneficiary of the Marvin M. Brandt Revocable Trust.  (Id. ¶ 3.)

In 1987, WYCO began providing service on the ROW as a successor to the Laramie,

Hahns Peak, and Pacific Railway Company.  (Id. ¶ 25.)  In May 1996, WYCO commenced

proceedings before the Surface Transportation Board ("STB") to abandon rail service on the

ROW.  (Id. ¶ 26.)  On September 16, 1996, the STB issued a Notice of Interim Trail Use and

Abandonment, permitting the abandonment of rail service on the ROW, subject to certain

conditions.  (Id. ¶ 27.)  On December 31, 2003, the STB determined that the remaining

conditions for abandonment of rail service should be removed (id. ¶ 30), and on January 15,

2004, WYCO notified the STB that it had consummated the abandonment of the line (id. ¶ 31).

The United States filed suit in the United States District Court for the District of

Wyoming approximately two-and-a-half years later, on July 14, 2006.  (Dist. Ct. Dkt. 1.)  The

United States alleged that "[u]nder the National Trails System Improvements Act of 1988, 16

allegations in the Brandts' complaint, except to the extent that those allegations contradict the
district court's April 8, 2008, Memorandum Opinion and Order, or its March 2, 2009, Judgment,
in the quiet title litigation between the parties.  By citing to the Brandts' complaint, the United
States is not admitting the truth of the allegations contained in the cited paragraphs.

U.S.C. § 1248(c), any and all right, title, and interest in rights-of-way of the type described in the

Abandoned Railroad Right-of-Way Act of 1922 (43 U.S.C. § 912) are retained by the United

States upon a judicial decree of abandonment."  (Dist. Ct. Dkt. 1 (Compl.) ¶ 31; Dist. Ct. Dkt.

105 (First Am. Compl.) ¶ 31.)[3]  The United States asked the district court to declare that the

ROW had passed to WYCO as successor to the Laramie, Hahns Peak, and Pacific Railway

Company, that WYCO had abandoned the ROW, and that upon abandonment by WYCO all

---

[3] 16 U.S.C. § 1248(c) provides:  "Commencing October 4, 1988, any and all right, title, interest, and estate of the United States in all rights-of-way of the type described in section 912 of title 43, shall remain in the United States upon the abandonment or forfeiture of such rights-of-way, or portions thereof, except to the extent that any such right-of-way, or portion thereof, is embraced within a public highway no later than one year after a determination of abandonment or forfeiture, as provided under such section."

43 U.S.C. § 912 provides:  "Whenever public lands of the United States have been or may be granted to any railroad company for use as a right of way for its railroad or as sites for railroad structures of any kind, and use and occupancy of said lands for such purposes has ceased or shall hereafter cease, whether by forfeiture or by abandonment by said railroad company declared or decreed by a court of competent jurisdiction or by Act of Congress, then and thereupon all right, title, interest, and estate of the United States in said lands shall, except such part thereof as may be embraced in a public highway legally established within one year after the date of said decree or forfeiture or abandonment be transferred to and vested in any person, firm, or corporation, assigns, or successors in title and interest to whom or to which title of the United States may have been or may be granted, conveying or purporting to convey the whole of the legal subdivision or subdivisions traversed or occupied by such railroad or railroad structures of any kind as aforesaid, except lands within a municipality the title to which, upon forfeiture or abandonment, as herein provided, shall vest in such municipality, and this by virtue of the patent thereto and without the necessity of any other or further conveyance or assurance of any kind or nature whatsoever: Provided, That this section shall not affect conveyances made by any railroad company of portions of its right of way if such conveyance be among those which have been or may after March 8, 1922, and before such forfeiture or abandonment be validated and confirmed by any Act of Congress; nor shall this section affect any public highway on said right of way on March 8, 1922: Provided further, That the transfer of such lands shall be subject to and contain reservations in favor of the United States of all oil, gas, and other minerals in the land so transferred and conveyed, with the right to prospect for, mine, and remove same."

right, title, and interest in the ROW were vested in the United States (with certain exceptions, not relevant to this action).[4]  (Dist. Ct. Dkt. 1 at 11-12; Dist. Ct. Dkt. 105 at 12-13.)

Defendant Marvin M. Brandt filed an Answer and Counterclaims on August 8, 2006, and Defendants Marvin M. Brandt Revocable Trust and Marvin M. Brandt, Trustee, filed a First Amended Answer and Counterclaims on October 1, 2007, in order to substitute the real parties in interest as defendants.  (Dist. Ct. Dkt. 59 (Answer & Countercls.); Dist. Ct. Dkt. 137, Attach. 1 (First Am. Answer & Countercls.).)  In both pleadings, the Brandts alleged "Counterclaims for Quiet Title and Just Compensation."  (Dist. Ct. Dkt. 59 at 6; Dist. Ct. Dkt. 137, Attach. 1 at 6.) Specifically, the Brandts alleged in their quiet title counterclaim that the United States "has no right to convert the former easement 'for railroad purposes' across the [Brandts'] property into a recreational trail or otherwise use the former easement," and asked the district court "to determine that [the United States] holds no valid reversionary interest in the former railroad easement across" the property and to "quiet title to such property in" the Brandts.  (Dist. Ct. Dkt. 137, Attach. 1 at 8.)  The Brandts also alleged, in their counterclaim for just compensation, that "to the extent [the district] court should hold that [the United States], under The National Trail Systems Improvement Act, 16 U.S.C. § 1248, acquired some interest in the portion of the [Brandts'] land formerly occupied by the aforementioned railroad easement, such would constitute a 'taking' for which 'just compensation' is due."  (Dist. Ct. Dkt. 137, Attach. 1 at 9-10.)  The Brandts asked the district court to transfer their takings counterclaim to the United States Court of Federal Claims in the event that the district court quieted title to the ROW in favor of the United States.  (Id. at 9-10.)

---

[4] The right-of way granted to the Laramie, Hahns Peak, and Pacific Railway Company in 1908 pursuant to the General Railroad Right-of-Way Act of 1875 was approximately 66 miles long, but in the district-court lawsuit the United States sought a declaration of abandonment regarding, and to quiet title to, only a portion of the 66-mile right-of-way. (Dist. Ct. Dkt. 105 (First Am. Compl.) at 2-7.)

In October 2007, the Brandts moved for summary judgment on their quiet title and

takings counterclaims, and the United States cross-moved for summary judgment on its

abandonment and quiet title claims.  (Dist. Ct. Dkt. 139-40 (Brandts' Mot. for Summ. J. & Br. in

Supp.); Dist. Ct. Dkt. 144-45 (United States' Mot. for Summ. J. & Br. in Supp.).)  The Brandts

contended that "the United States had no interest in the [ROW] when it issued the Patent in 1976.

Therefore, because the United States has no right to the easement and because WYCO

abandoned the easement, title should be quieted in the Trust."  (Dist. Ct. Dkt. 140 at 13 (internal

citation omitted).)  The Brandts further argued that title to the ROW should be quieted in their

favor because "the United States had no reversionary interest that could be retained by the

federal government when 16 U.S.C. § 1248(c) was enacted in 1988."  (Id. at 19.)  The Brandts

contended that "[s]hould [the United States] now decide to take the Trust's property for public

purposes, the Fifth Amendment to the United States Constitution requires just compensation."

(Id. (internal quotation marks omitted).)

The district court disagreed with the Brandts' arguments, and on April 8, 2008, it issued a

Memorandum Opinion and Order denying the Brandts' summary-judgment motion and granting

the United States' cross-motion.   (See Ex. B.)  The district court held that the United States

"retains a reversionary interest in the . . . railroad ROW pursuant to 43 U.S.C. § 912, 16 U.S.C. §

1248(c), and previous decisions of the Tenth Circuit."  (Ex. B at 20.)[5]  The district court also

observed that "should the [Brandts] decide to pursue a takings claim, under the Tucker Act, 28

U.S.C. § 1491(a)(1), the Federal Claims Court would have exclusive jurisdiction provided that

---

[5] The district court acknowledged that the Tenth Circuit's precedents conflicted with later
decisions by the United States Court of Appeals for the Federal Circuit in Hash v. United States,
403 F.3d 1308 (Fed. Cir. 2005), and the United States Court of Federal Claims in Beres v. United
States, 64 Fed. Cl. 403 (2005).  (Ex. B at 20.)

the compensation sought is greater than $10,000.00," and, as such, "any takings issues brought

before this Court would be dismissed for want of subject matter jurisdiction." (Ex. B at 21.)

On April 18, 2008, the Brandts moved to have their takings counterclaim transferred to

the United States Court of Federal Claims, while the United States moved to dismiss that

counterclaim on the ground that it was outside the district court's jurisdiction. (Dist. Ct. Dkt.

172 (Mot. to Transfer) and 173 (Mot. to Dismiss).)  The Brandts contended that it would be in

the interests of justice to transfer their takings counterclaim to the Court of Federal Claims under

28 U.S.C. § 1631, rather than dismissing it for lack of subject matter jurisdiction. (Dist. Ct. Dkt.

172.)  The United States argued that a transfer was not warranted because the Brandts' takings

counterclaim was "premature and contingent" because it rested on a judgment quieting title in

the ROW in favor of the United States that the district court had not yet entered when the

counterclaim was filed (on August 8, 2006 in the Answer and Counterclaims, and again on

October 1, 2007 in the First Amended Answer and Counterclaims). (Dist. Ct. Dkt. 173 at 3-4.)

On March 2, 2009, the district court entered its final judgment in favor of the United

States on the abandonment and quiet title claims. (See Ex. A.)  The district court held that

WYCO "abandoned its railroad right-of-way, being the same right-of-way granted under the

General Railroad Right-of-Way Act of 1875 to the Laramie, Hahn's Peak and Pacific Railroad

Company . . . traversing the property owned by the [Brandts] (the same land conveyed to Melvin

M. Brandt and Lula M. Brandt by Patent . . . dated February 18, 1976)." (Ex. A at 1.)  The

district court "declare[d] and decree[d]  that the railroad right-of-way, where it traverses the . . .

property of the [Brandts], has been abandoned by WYCO for all purposes including the National

Trails System Improvements Act of 1988, 16 U.S.C. § 1248(c), and the Abandoned Railroad

Right-of-Way Act of 1922 (43 U.S.C. § 912)." (Ex. A at 2.)  The district court further declared

"[t]hat the United States retained a reversionary interested in the railroad right-of-way," and

"[t]hat as a result of the abandonment by WYCO, title to the railroad right-of-way is hereby

vested and quieted in the United States, and the United States is entitled to quiet and peaceful use

and possession of the railroad right-of-way."  (Id.)[6]

On March 4, 2009, the district court granted the United States' motion to dismiss the

Brandts' takings counterclaim, and denied the Brandts' motion to transfer the takings

counterclaim to this Court.  (Dist. Ct. Dkt. 202.)

The Brandts filed their action in this Court on April 28, 2009, alleging that "but for the

operation of 16 USC § 1248(c), the Railroad ROW would no longer burden [their] property,"

and "16 USC § 1248(c) effectuated a taking of [the Brandts'] property for public use without just

compensation."  (Pls.' Compl. ¶¶ 37-38.)  The Brandts acknowledge that "[o]n or about April 8,

2008, the U.S. District Court for the District of Wyoming issued a Memorandum Opinion and

Order, in which it declared that . . . , under 16 U.S.C. § 1248(c), the United States owned all

right, title, and interest in and to the portion of the abandoned Railroad ROW that burdened

Plaintiffs' property" (Pls.' Compl. ¶ 33), but they nevertheless ask this Court to award them just

compensation in the amount of "approximately $1,415,700," along with severance damages and

other relief for the alleged taking of the same ROW (id. at 8).

On April 29, 2009, the Brandts appealed to the United States Court of Appeals for the

Tenth Circuit from the district court's April 8, 2008, Memorandum Opinion and Order, March 2,

2009, Judgment, and March 4, 2009, Order.  (Dist. Ct. Dkt. 206.)  That appeal is pending, and

---

[6] The district court also held that (a) the United States was entitled "to construct and operate a
recreational trail on the railroad right of way," and (b) "fee title to the . . . property of the
[Brandts] remains with the [Brandts], subject to the rights of the United States in . . . the railroad
right-of-way . . . ."  (Ex. A at 2-3.)  In addition, the district court quieted title in favor of the
United States to a Forest Service Road that traversed the property.  The Brandts' complaint does
not appear to seek just compensation in connection with that decision by the district court.

the Brandts' opening brief currently is due to be filed on July 30, 2009.  United States v.

Wyoming & Colorado Railroad Co., No. 09-8047 (10th Cir., June 16, 2009 Order).

## II.     STANDARD OF REVIEW

"A motion to dismiss for failure to state a claim is brought pursuant to RCFC 12(b)(6)."

Abbey v. United States, 82 Fed. Cl. 722, 725 (2008).  If a plaintiff fails "to establish all the

elements of its claim, . . . that plaintiff loses on the merits for failing to state a claim on which

relief can be granted."  Id. (quoting Fisher v. United States, 402 F.3d 1167, 1175-76 (Fed.

Cir.2005)) (internal quotation marks omitted).  As the United States Court of Appeals for the

Federal Circuit has explained, "[t]he purpose of [RCFC 12(b)(6)] is to allow the court to

eliminate actions that are fatally flawed in their legal premises and destined to fail."  Advanced

Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993).  In

determining whether to grant a motion to dismiss pursuant to RCFC 12(b)(6), "[c]ourts generally

consider only the allegations contained in the complaint, exhibits attached to the complaint, and

matters of public record."  Am. Contractors Indem. Co. v. United States, 81 Fed. Cl. 682, 686

(2008) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196

(3d Cir.1993)) (internal quotation marks and brackets omitted); see also Sebastian v. United

States, 185 F.3d 1368, 1374 (Fed. Cir. 1999) ("In deciding whether to dismiss a complaint under

[Federal Rule of Civil Procedure] 12(b)(6), the court may consider matters of public record.").

## III.    ARGUMENT

> **A.     The Brandts Cannot State A Legally Cognizable Fifth-Amendment Takings Claim Because The District Court Has Already Ruled That The United States Holds Title To The ROW, Which The Brandts Allege Was Taken From Them.**

The Brandts' complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to

state a claim upon which relief can be granted because the Brandts cannot establish all of the

9

elements of a claim for just compensation under the Fifth Amendment.  As a matter of law, in

every Fifth Amendment takings case, the issue of whether the plaintiff possesses a compensable

property interest is a threshold element of the plaintiff's claim.  See, e.g., Maritrans, Inc. v.

United States, 342 F.3d 1344, 1351 (Fed. Cir. 2003); Cienega Gardens v. United States, 331 F.3d

1319, 1328 (Fed. Cir. 2003); Banks v. United States, 68 Fed. Cl. 524, 529 (2005).  Indeed, "[i]t is

axiomatic that only persons with a valid property interest at the time of the taking are entitled to

compensation" under the Fifth Amendment.  Wyatt v. United States, 271 F.3d 1090, 1096 (Fed.

Cir. 2001)).  Where a plaintiff cannot establish that he or she owned a compensable property

interest in the property allegedly taken on the date of the alleged taking, a court should dismiss

the plaintiff's complaint for failure to state a claim upon which relief can be granted.  Texas State

Bank v. United States, 423 F.3d 1370, 1378 (Fed. Cir. 2005) (holding that the Court of Federal

Claims should have dismissed a complaint for failure to state a claim where the plaintiff "failed

to assert a valid property interest").

The Brandts cannot establish a compensable interest in the ROW on the date of the

alleged taking (i.e., March 2, 2009) because the United States District Court for the District of

Wyoming had already quieted title to the ROW in favor of the United States, rather than the

Brandts, as of that date.  (Ex. A at 2.)  As another court has already held that the Brandts did not

own a compensable property interest on the alleged date of taking, the doctrine of collateral

estoppel bars them from alleging in this Court that they have a compensable property interest.

Under the doctrine of collateral estoppel (issue preclusion), "a judgment on the merits in

a first suit precludes relitigation in a second suit of issues actually litigated and determined in the

first suit."  Shell Petroleum, Inc. v. United States, 319 F.3d 1334, 1338 (Fed. Cir. 2003) (quoting

In re Freeman, 30 F.3d 1459, 1465 (Fed.Cir.1994)) (internal quotation marks omitted).  A district

court's final judgment on the merits in a first suit is entitled to issue-preclusive effect in a second suit even when an appeal from the judgment in the first suit is pending.  See, e.g., Rice v. Dep't of the Treasury, 998 F.2d 997, 999 (Fed. Cir. 1993) ("The law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding."); SSIH Equipment S.A. v. United States Intern. Trade Com'n, 718 F.2d 365, 370 (Fed. Cir. 1983) (same).

The United States Supreme Court has explained the rationale for collateral estoppel as follows:  "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Montana v. United States, 440 U.S. 147, 153-54 (1979); see also Morgan v. Dep't of Energy, 424 F.3d 1271, 1274 (Fed. Cir. 2005) ("Collateral estoppel serves two purposes.  It protects litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing needless litigation.").  As this Court has stated, "[t]he precedents indicate that issue preclusion reaches both issues of law and fact" previously determined in another suit.  Watson v. United States, 49 Fed. Cl. 728, 731 (2001).

The doctrine of collateral estoppel bars the relitigation of an issue of law or fact when:

> (1) [the] issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action.

Shell Petroleum, Inc., 319 F.3d at 1338; see also Restatement (Second) of Judgments § 27 (1982).  The issue of whether the United States or the Brandts owned the ROW upon its abandonment by WYCO meets these four requirements.

First, as discussed above, to prevail in this Court on their claim for just compensation, the Brandts must establish that they had a compensable interest in the ROW upon its abandonment by WYCO.  The district court has already addressed this precise question in resolving the United States' quiet title claim and the Brandts' quiet title counterclaim, and it concluded that the United States is the rightful owner of the ROW, and that the Brandts are not.  (Ex. B at 20; Ex. A at 2.)

Second, there can be no question that the ownership of the ROW upon abandonment by WYCO was actually litigated before the district court.  The United States filed a claim to quiet title in the ROW in its favor.  (Dist. Ct. Dkt. 105 (Am. Compl.).)  The Brandts filed a counterclaim seeking to quiet title in the ROW in their favor.  (Dist. Ct. Dkt. 137, Attach. 1 (First Am. Answer & Countercls.) at 6-8.)  The Brandts moved for summary judgment on their quiet title counterclaim (Dist. Ct. Dkt. 139 & 140), and the United States cross-moved for summary judgment on its quiet title claim (Dist. Ct. Dkt. 144 & 145).  The district court's resolution of the quiet title issue caused the Brandts to bring this action.  (Pls.' Compl. ¶¶ 33, 37 & 38.)

Third, a determination of the ownership of the ROW upon abandonment by WYCO was essential, rather than incidental, to the district court's judgment in the quiet title lawsuit.  Indeed, the United States filed suit in the district court specifically to seek a declaration that (a) WYCO had abandoned the ROW, and (b) the United States held title to the ROW upon abandonment by WYCO.  (Dist. Ct. Dkt. 105 (Am. Compl.) at 2-3.)  The district court squarely resolved the issue when it declared "[t]hat as a result of the abandonment by WYCO, title to the railroad right-of-way is hereby vested and quieted in the United States, and the United States is entitled to quiet and peaceful use and possession of the railroad right-of-way."  (Ex. A at 2.)

Fourth, the Brandts, who were represented by the same counsel in the district court as in this Court, had a full and fair opportunity to litigate the issue of the ownership of the ROW in the

12

district court.  The Brandts brought a counterclaim to quiet title in the ROW in their favor,

moved for summary judgment on that counterclaim, and have appealed the district court's

adverse judgment to the Tenth Circuit.  (Dist. Ct. Dkt. 137, Attach. 1 (First Am. Answer &

Countercls.); Dist. Ct. Dkt. 139 (Mot. for Summ. J.); Dist. Ct. Dkt. 206 (Notice of Appeal).)

Moreover, it is well established that the Brandts may not ask this Court to review or

scrutinize the district court's decision.  See, e.g., Vereda Ltda v. United States, 271 F.3d 1367,

1375 (Fed. Cir. 2001) ("The Court of Federal Claims does not have jurisdiction to review the

decisions of district courts. . . .  This means that the Court of Federal Claims cannot entertain a

taking claim that requires the court to scrutinize the actions of another tribunal." (quoting Joshua

v. United States, 17 F.3d 378, 380 (Fed.Cir.1994), and Allustiarte v. United States, 256 F.3d

1349, 1352 (Fed. Cir. 2001) (internal quotation marks omitted)).

In summary, this Court should apply the doctrine of collateral estoppel and dismiss the

Brandts' complaint.

**B.     In The Alternative, If This Court Determines That Dismissal Would Be Premature, This Court Should Stay This Action Pending The Resolution Of The Brandts' Appeal To The Tenth Circuit.**

As an alternative to dismissal, this Court may elect to stay further proceedings pending

the completion of all appeals of the above-referenced district court decision.  As noted above, on

April 29, 2009, the Brandts appealed the district court decision to the United States Court of

Appeals for the Tenth Circuit.  United States v. Wyoming & Colorado Railroad Co., No. 09-

8047 (10th Cir. filed May 1, 2009).  That appeal is currently pending, and the Brandts' opening

brief is due to be filed in that court on July 30, 2009.  In the event that this Court concludes that

the district court's final judgment on the issue of ownership of the ROW is not entitled to

preclusive effect because the Brandts have appealed that judgment to the Tenth Circuit, this Court should stay this action pending the resolution of the Brandts' appeal.

A stay would be appropriate here because the district court judgment being appealed is the same judgment that the Brandts allege gave rise to their claim for just compensation.  On the one hand, if the Tenth Circuit vacates or reverses the district court's judgment, no alleged taking will have occurred.  (See discussion supra at pp. 6-8 & 12.)  On the other hand, if the Tenth Circuit affirms the district court's judgment, the judgment in the quiet title lawsuit will become unquestionably final (barring review by the United States Supreme Court) and this action would be dismissed on grounds of collateral estoppel.  Thus, regardless of the outcome of the appeal, judicial economy would be frustrated by allowing the parties to continue litigating this action only to have it eventually dismissed upon the resolution of the Brandts' appeal to the Tenth Circuit.

## IV.    CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court dismiss the Brandts' complaint for failure to state a claim upon which relief can be granted or, in the alternative, stay this action pending the resolution of the Brandts' appeal to the United States Court of Appeals for the Tenth Circuit.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General

/s/ Joshua A. Doan
JOSHUA A. DOAN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044
Tel: (202) 305-0874
Fax: (202) 305-0506
E-mail: joshua.doan@usdoj.gov

Attorney for Defendant

June 29, 2009

*Of Counsel*:

James B. Snow
Special Counsel for Real Property
U.S. Department of Agriculture
Office of the General Counsel
1400 Independence Ave., S.W.
Washington, D.C. 20250-1400