# EXHIBIT A

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 0 2 2009

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-0184J |
| | ) | and |
| | ) | Consolidated Case |
| WYOMING AND COLORADO | ) | No. 06-CV-171J |
| RAILROAD COMPANY, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

### JUDGMENT IN FAVOR OF THE UNITED STATES ON ITS CLAIMS AGAINST MARVIN M. BRANDT REVOCABLE TRUST AND MARVIN M. BRANDT, TRUSTEE AND ON THE FIRST AND SECOND COUNTERCLAIMS OF MARVIN M. BRANDT REVOCABLE TRUST AND MARVIN M. BRANDT, TRUSTEE

In accordance with the Court's Memorandum Opinion and Order entered on April 8, 2008, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That on or before January 15, 2004, defendant Wyoming and Colorado Railroad Company, Inc. ("WYCO"), abandoned its railroad right-of-way, being the same right-of-way granted under the General Railroad Right-of-Way Act of 1875 to the Laramie, Hahn's Peak and Pacific Railroad Company, documented by the "Proof of Construction and Relinquishment of certain Grants accepted" certificate as per Bureau of Land Management File No. WYC04128 and as shown on the Second Amended Definite Location Plat of February 4, 1915 (hereinafter "the railroad right-of-way"), traversing the property owned by the Marvin M. Brandt Revocable Trust ("the Trust") and

Marvin M. Brandt, Trustee ("Brandt")(the same land conveyed to Melvin M. Brandt and Lula M. Brandt by Patent Number 49-76-0031 dated February 18, 1976).

2. That WYCO has not conveyed any portion of the railroad right-of-way, where it traverses the above-described property of the Trust and Brandt, to a state, county, or municipality.

3. That the Court hereby declares and decrees that the railroad right-of-way, where it traverses the above-described property of the Trust and Brandt, has been abandoned by WYCO for all purposes including the National Trails System Improvements Act of 1988, 16 U.S.C. §1248(c), and the Abandoned Railroad Right-of-Way Act of 1922 (43 U.S.C. § 912).

4. That the United States retained a reversionary interest in the railroad right-of-way referenced in paragraph 1.

5. That as a result of the abandonment by WYCO, title to the railroad right-of-way is hereby vested and quieted in the United States, and the United States is entitled to the quiet and peaceful use and possession of the railroad right-of-way.

6. That the interest hereby quieted and vested in the United States includes the right to construct and operate a recreational trail on the railroad right-of-way.

7. That title to the right-of-way for Forest Service Road 512, called Platte Access Road No. 512, which was reserved in Patent Number 49-76-0031, traversing the property owned by the Trust and Brandt, and the only road which is the subject of the Trust and Brandt's Second Counterclaim, is hereby quieted in the United States, and the United States is entitled to the quiet and peaceful use and possession of the right-of-way for Forest Service Road 512 for any and all

National Forest and public purposes.

8.    That fee title to the above-described property of the Trust and Brandt remains with the Trust and Brandt, subject to the rights of the United States in both the railroad right-of-way and the right-of-way for Forest Service Road 512 as described above.

DATED this _25_ day of _March_, 2008.

_Alan B. Johnson_
United States District Judge

3