# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARVIN M. BRANDT, and <br> MARVIN M. BRANDT REVOCABLE TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 09-265 <br> ) <br> ) Judge Emily C. Hewitt <br> ) <br> ) <br> ) <br> ) <br> ) |

## **FIRST AMENDED COMPLAINT**

Plaintiffs, Marvin M. Brandt and the Marvin M. Brandt Revocable Trust, by and through their undersigned attorney, hereby file this First Amended Complaint and allege as follows:

### NATURE OF THE CASE

1. Plaintiffs seek the payment of just compensation for the taking, by Defendant, United States of America, of Plaintiffs' private property for public use.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution of the United States, specifically the Just Compensation Clause of the Fifth Amendment. As of the date this suit was filed, Plaintiffs had no claims for or in respect to this claim pending in any other court. *See* 28 U.S.C. § 1500.

### PARTIES

3. Plaintiff, Marvin M. Brandt, is the Trustee of the Marvin M. Brandt Revocable Trust and is the primary beneficiary thereof. Mr. Brandt is/was also the Trustee of the Survivor's

Trust, which was established by the Melvin M. Brandt and Lula Brandt Declaration of Trust dated December 10, 1979, and was amended in its entirety on December 27, 1982, and amended again on June 30, 1983 ("Survivor's Trust").  At all times relevant hereto, Marvin M. Brandt, as the Trustee of the Survivor's Trust, as the Trustee of the Marvin M. Brandt Revocable Trust, or in his individual capacity has owned real property in Albany County, Wyoming, within Government Tract 37, Township 13 North, Range 78 West, 6th Principal Meridian, which is the subject of this action.

4. Plaintiff, Marvin M. Brandt Revocable Trust, holds/owns in trust real property located in Albany County, Wyoming, within Government Tract 37, Township 13 North, Range 78 West, 6th Principal Meridian, which is the subject of this action.

5. Defendant is the United States of America.

**LEGAL BACKGROUND**

6. In 1875, Congress passed the General Railroad Right-of-Way Act, 43 U.S.C. §§ 934-39 ("1875 Act") (repealed, in part, 1976).  This Act provided incentives intended to induce the private construction of railroads.  Specifically, the 1875 Act allowed the United States to grant a "right of way" through the public lands for railroad purposes to railroad companies that satisfied certain requirements.  43 U.S.C. §§ 934-939.

7. Pursuant to the 1875 Act, after a right of way is granted to a railroad, "all such lands over which such right of way shall pass shall be disposed of subject to such right of way."  43 U.S.C. § 937.

8. The "right of way" granted under the 1875 Act is an easement for railroad purposes.

9. Consistent with these principles, when the United States subsequently conveyed property burdened by an 1875 Act easement, the private party took the property subject to the easement, and, upon abandonment of the railroad easement, the easement terminated and the property became unburdened by the railroad easement. Importantly, when the United States conveyed property burdened by an 1875 Act easement, the United States did not retain any right, title, interest, or estate in the easement or the fee underlying the easement.

10. In 1922, Congress passed the Abandoned Railroad Right-of-Way Act, 43 U.S.C. § 912, which provides:

> Whenever public lands of the United States have been or may be granted to any railroad company for use as a right of way for its railroad or as sites for railroad structures of any kind, and use and occupancy of said lands for such purposes has ceased or shall hereafter cease, whether by forfeiture or by abandonment by said railroad company declared or decreed by a court of competent jurisdiction or by Act of Congress, then and thereupon all right, title, interest, and estate of the United States in said lands shall, except such part thereof as may be embraced in a public highway legally established within one year after the date of said decree or forfeiture or abandonment be transferred to and vested in any person, firm, or corporation, assigns, or successors in title and interest to whom or to which title of the United States may have been or may be granted, conveying or purporting to convey the whole of the legal subdivision or subdivisions traversed or occupied by such railroad or railroad structures of any kind as aforesaid . . . .

11. The Abandoned Railroad Right-of Way Act did not alter the fact that when the United States conveyed property burdened by an 1875 Act easement, the United States did not retain any right, title, interest, or estate in the easement or the fee underlying the easement.

12. In 1988, Congress passed the National Trails System Improvement Act of 1988, which provides, *inter alia:*

> Commencing upon October 4, 1988, any and all right, title, interest, and estate of the United States in all rights-of-way of the type described in [43 U.S.C. § 912] shall remain in the United States upon the abandonment or forfeiture of such rights-of-way, or portions thereof, except to the extent that any such right-of-way,

or portion thereof, is embraced within a public highway no later than one year
after a determination of abandonment or forfeiture, as provided under such
section.

16 U.S.C. § 1248(c).

13. Property rights are governed by the law in effect at the time of the conveyance.

14. A cognizable and compensable "taking" occurs when federal statutes prevent an abandoned easement from unburdening property that had been subject to that easement.

15. A cognizable and compensable "taking" also occurs when federal statutes authorize the use of an existing railroad easement for purposes not within the scope of the existing easement and/or when it creates a new easement without authorization from the owner of the underlying fee.

**FACTUAL ALLEGATIONS**

16. In or around 1908, the Laramie, Hahn's Peak, and Pacific Railroad Company was granted, pursuant to the 1875 Act, a right of way for railroad purposes ("railroad easement"). The railroad easement was approximately 66 miles in length and 200 feet in width.

17. This railroad easement was an easement for railroad purposes; it was not some type of "limited fee," nor was it an easement for recreational use.

18. Upon granting this railroad easement, Defendant retained no reversionary interest or a right of reverter in the easement.

19. Upon granting this railroad easement, Defendant did, however, retain the fee to the land burdened by the railroad easement.

20. On February 18, 1976, Melvin M. Brandt and Lula M. Brandt, parents of Marvin M. Brandt, were granted Patent Number 49-76-0031 from the United States. This Patent

conveyed to Mr. Brandt's parents Tract 37, Township 13 North, Range 78 West, 6th Principal Meridian, which consisted of approximately 83.32 acres of land.

21. Patent Number 49-76-0031 expressly granted to Mr. Brandt's parents and their successors and assigns the "land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimants . . . forever."

22. In Patent Number 49-76-0031, the United States expressly excepted and reserved a right of way for ditches or canals constructed by authority of the United States. The United States also expressly reserved a right of way for the existing Platte Access Road No. 512 and the Dry Park Road No. 517.

23. Patent Number 49-76-0031 expressly provides that it is "SUBJECT TO those rights for railroad purposes as have been granted to the Laramie Hahn's Peak & Pacific Railway Company, its successors or assigns . . . ."

24. In Patent Number 49-76-0031, the United States did not impliedly or expressly reserve any right, title, interest, or estate in the railroad easement or the fee underlying the railroad easement.

25. In or around December 1979, Melvin M. Brandt and Lula Brandt established the Survivor's Trust. The property burdened by the railroad easement was placed in that trust.

26. In or around November 1987, the Wyoming and Colorado Railroad Company, Inc. ("WYCO") acquired the railroad easement.

27. On or about May 15, 1996, WYCO filed a Notice of Intent to Abandon Rail Service with the Surface Transportation Board ("STB"), seeking to abandon, *inter alia*, that

portion of the railroad easement that traversed and burdened the land granted in Patent Number 49-76-0031.

28. On or about September 9, 1996, the STB issued a Notice of Interim Trail Use or Abandonment pertaining to, *inter alia*, that portion of the railroad easement that burdened the land granted in Patent Number 49-76-0031.

29. On or about June 24, 2002, Marvin M. Brandt created the Marvin M. Brandt Revocable Trust and designated himself Trustee.

30. Since on or about November 20, 2002, Plaintiffs have held/owned the property granted by Patent Number 49-76-0031 and burdened by the railroad easement.

31. On December 31, 2003, the STB approved the abandonment of the railroad easement.

32. On January 14, 2004, WYCO consummated the abandonment of its railroad easement.

33. On or about July 14, 2006, the United States filed suit in the United States District Court for the District of Wyoming seeking to quiet title to a portion of WYCO's abandoned railroad easement, including that portion which previously traversed Plaintiffs' property. *United States v. Wyoming and Colorado Railroad Co. Inc*., No. 06-CV-0184J (D. Wyo.). The alleged basis for the United States' claim of ownership was 16 U.S.C. § 1248(c). Specifically, the United States alleged that "[u]nder the National Trails System Improvements Act of 1988, 16 U.S.C. § 1248(c), any and all right, title, and interest in rights-of-way of the type described in the Abandoned Railroad Right-of-Way Act of 1922 (43 U.S.C. § 912) are retained by the United

States upon a judicial decree of abandonment." The Marvin M. Brandt Revocable Trust and Mr. Brandt, as Trustee, were defendants in that case.

34. On April 8, 2008, after the parties had briefed their respective cross-motions for summary judgment regarding the quiet title issues, the district court granted the United States' Motion for Summary Judgment. In so doing, the district court purportedly followed previous rulings of the Tenth Circuit, although it recognized a split between the Federal and Tenth Circuits regarding the interpretation of 1875 Act railroad easements.

35. On March 2, 2009, the U.S. District Court for the District of Wyoming issued a judicial decree of abandonment with regard to the railroad easement and quieted title to the railroad easement in favor of the United States. Moreover, the judgment provided that "the interest hereby quieted and vested in the United States includes the right to construct and operate a recreational trail on the railroad right-of-way."

## CLAIM FOR RELIEF
**(Just Compensation Clause)**

36. Plaintiffs hereby reallege and incorporate the allegations in the preceding paragraphs as if fully set forth herein.

37. Under the 1875 Act, the plain meaning of the terms in Patent Number 49-76-0031, well-established legal principles, and/or Wyoming state law, the railroad easement terminated upon abandonment and no longer burdens Plaintiffs' property.

38. In the alternative, under the 1875 Act, the plain meaning of the terms in Patent Number 49-76-0031, well-established legal principles, and/or Wyoming state law, the railroad easement should have terminated upon abandonment and should no longer burden Plaintiffs' property.

7

39. Because the railroad easement either terminated or should have terminated upon abandonment, 16 U.S.C § 1248(c) and/or the U.S. District Court for the District of Wyoming's application thereof blocked the railroad easement from unburdening Plaintiffs' property and/or resulted in the creation of a new easement and, therefore, effectuated a taking of Plaintiffs' property for public use without just compensation.

40. To the extent that 16 U.S.C § 1248(c) and/or the U.S. District Court for the District of Wyoming's application of 16 U.S.C. § 1248(c) authorized new, non-railroad uses of the easement, it effectuated a taking of Plaintiffs' property for public use without just compensation.

41. The Just Compensation Clause of the Fifth Amendment to the U.S. Constitution requires that Defendant pay just compensation to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

1. Declare that 16 U.S.C § 1248(c) and/or the U.S. District Court for the District of Wyoming's application thereof effectuated a taking of Plaintiffs' private property for public use.

2. Award Plaintiffs just compensation that reflects the fair market value of the property taken by the United States on the date it was taken, *i.e.*, approximately $1,415,700, plus any "severance damages" suffered by Plaintiffs in the loss of value to Plaintiffs' remaining property not actually physically taken but affected by the taking.

3. Award Plaintiffs compensation for the delay between the date of the taking and the date when the United States finally pays just compensation to Plaintiffs.

4. Award Plaintiffs' costs, attorneys' fees, and other expenses in accordance with law, including the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c).

5. Award such further relief and just compensation as this Court may deem just and proper.

DATED this 3rd day of August 2009.

        Respectfully submitted by:

        MOUNTAIN STATES LEGAL FOUNDATION

        /s/ Steven J. Lechner
        Steven J. Lechner, Esq.
        2596 South Lewis Way
        Lakewood, Colorado 80227
        (303) 292-2021
        (303) 292-1980 (facsimile)
        lechner@mountainstateslegal.com

        Attorney for Plaintiffs