IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARVIN M. BRANDT, and<br>MARVIN M. BRANDT REVOCABLE TRUST, | )<br>)<br>) |
| Plaintiffs, | )  No. 09-265L |
| v. | )  Hon. Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | )  (Electronically filed Aug. 13, 2009) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING COMPLETION OF RELATED CASE**

Defendant, the United States of America, herein replies to Plaintiffs Marvin M. Brandt and the Marvin M. Brandt Revocable Trust's (the "Brandts") Response to Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings. The United States contended in its Motion that the Brandts' complaint should be dismissed pursuant to RCFC 12(b)(6) because it failed to state a claim upon which relief can be granted.[1] The United States District Court for the District of Wyoming had already ruled, on March 2, 2009, that the railroad right-of-way (the "ROW") the Brandts allege was taken from them was owned by the United States rather than the Brandts on the date of the alleged taking and thus, the doctrine of collateral estoppel (issue preclusion) prevents the Brandts from prevailing on a threshold element of their takings claim in this action. United States v. Wyo. & Colo. R.R. Co., No. 06-cv-184J (D. Wyo. Mar. 2, 2009) (judgment in favor of the United States).[2]  In the alternative, the United States argued, these proceedings

---

[1] The Brandts have since filed a First Amended Complaint, which suffers from the same defect.
[2] A copy of the district court's judgment was attached as Exhibit A to Defendant's Motion, and a copy of the district court's April 8, 2008 Memorandum Opinion & Order was attached as Exhibit B to that Motion. In this Reply, Defendant's citations to the district court's judgment, and its memorandum opinion and order, are to Exhibits A and B, respectively.

1

should be stayed pending the resolution of the Brandts' appeal to the United States Court of Appeals for the Tenth Circuit from the district court's judgment. In their Response, the Brandts contend that collateral estoppel does not bar their takings claim because the district court did not resolve certain issues, including the ownership of the ROW on the date of the alleged taking, in favor of the United States, and that even if it had, special circumstances mandate that collateral estoppel should not apply. The Brandts concede, however, that a stay of these proceedings pending the resolution of their appeal is appropriate.

## I. This Court Should Apply The Doctrine of Collateral Estoppel And Dismiss The Brandts' First Amended Complaint.

The Brandts' Response is baseless. In ruling on the United States' and the Brandts' cross-claims to quiet title in the ROW upon its abandonment by the Wyoming and Colorado Railroad Company ("WYCO"), the district court clearly and unambiguously held that the United States, rather than the Brandts, owned the reversionary interest in the ROW, and that this reversionary interest gave the United States the right to construct and operate a recreational trail on the ROW. Ex. A at 2. Under the doctrine of collateral estoppel, the Brandts are barred from asserting in this action that they, rather than the United States, owned the ROW upon its abandonment by WYCO, and thus the United States' construction and operation of a recreational trail effected a Fifth Amendment taking of their property. The Brandts' Response presents no valid basis for avoiding the application of collateral estoppel and, as such, this action should be dismissed under RCFC 12(b)(6).

### A. The District Court's March 2, 2009 Judgment Was Clear and Unambiguous, And The Brandts May Not Re-Litigate In This Action Issues Resolved By That Final Judgment.

The Brandts contend in their Response that the district court's March 2, 2009 judgment did not resolve certain material issues in favor of the United States, see, e.g., Resp. at 11 & 15,

and they imply in their recitation of the standard of review that the district court's judgment was ambiguous, see id. at 10-11.  The Brandts are wrong on both counts.

The district court held, in paragraph 1 of its judgment, that WYCO "abandoned its railroad right-of-way, being the same right-of-way granted under the General Railroad Right-of-Way Act of 1875 to the Laramie, Hahns Peak and Pacific Railroad Company . . . traversing the property owned by the Marvin M. Brandt Revocable Trust ('the Trust') and Marvin M. Brandt, Trustee ('Brandt') . . . ."  Ex. A at 1-2.  The district court further held "[t]hat the United States retained a reversionary interest in the railroad right-of-way referenced in paragraph 1."  Id. at 2.  The district court then held "[t]hat as a result of the abandonment by WYCO, title to the railroad right-of-way is hereby vested and quieted in the United States, and the United States is entitled to the quiet and peaceful use and possession of the railroad right-of-way."  Id.  The district court elaborated "[t]hat the interest hereby quieted and vested in the United States includes the right to construct and operate a recreational trail on the railroad right-of-way."  Id.

The district court did not hold that the Brandts now own, or ever owned, any interest in the ROW.  The district court did hold, however, "[t]hat fee title to the above-described property of the Trust and Brandt remains with the Trust and Brandt, subject to the rights of the United States in . . . the railroad right-of-way."  Id. at 3.

Thus, the district court clearly and unambiguously held that the United States owned the ROW following its abandonment by WYCO, and that the United States' contemplated use of the ROW was consistent with its ownership interest.  The doctrine of collateral estoppel precludes the Brandts from asking this Court to revisit these issues, and because the Brandts do precisely that, dismissal of this action is appropriate.  See, e.g., Shell Petroleum, Inc. v. United States, 319 F.3d 1334, 1338 (Fed. Cir. 2003) ("a judgment on the merits in a first suit precludes relitigation

in a second suit of issues actually litigated and determined in the first suit" (quoting In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (internal quotation marks omitted)).

### B. The District Court Held That The Brandts Did Not Own The ROW On The Date Of The Alleged Taking.

Contrary to the Brandts' contention, Resp. at 11, the district court did indeed hold that the Brandts did not own the ROW on the date of the alleged taking. In its March 2, 2009 judgment, the district court held that the United States retained the reversionary interest in the ROW which it had granted to WYCO's predecessor-in-interest, and that title in the ROW vested in the United States upon the ROW's abandonment by WYCO. Ex. A at 2. By the very terms of that judgment, the Brandts never owned an interest (reversionary or vested) in the ROW – only the United States and WYCO (and WYCO's predecessors) did. Thus, regardless of when the alleged taking occurred, the Brandts cannot meet the threshold requirement of demonstrating that they held title to the ROW on that date and, as such, their claim should be dismissed. See, e.g., Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation" under the Fifth Amendment.).[3]

### C. The District Court Held That The United States, Rather Than The Brandts, Owned The Reversionary Interest In The ROW Upon Abandonment.

The Brandts wrongly contend that the district court never addressed which party owned the reversionary interest in the ROW upon its abandonment by WYCO. Resp. at 15. The district court held that the United States had "retained" the reversionary interest in the ROW, see Ex. A at 2, and the Brandts should not be permitted to re-litigate that issue in this action.

---

[3] The district court did not, as the Brandts contend, Resp. at 11, recognize that they may have a colorable takings claim. Instead, the district court recognized that it lacked subject matter jurisdiction over the Brandts' takings claim because they were seeking purported just compensation in excess of $10,000. See Ex. B at 21 ("any takings issues brought before this Court [the district court] would be dismissed for want of subject matter jurisdiction").

The district court noted, in the first paragraph of its judgment, that the United States had granted the ROW to a predecessor-in-interest to WYCO (the Laramie, Hahn's Peak and Pacific Railroad Company), and that it had conveyed property traversed by the ROW to predecessors-in-interest to the Brandts (Melvin M. Brandt and Lula M. Brandt). See Ex. A at 1-2. The district court then held that the United States "retained" the reversionary interest in the ROW. Id. at 2. In other words, the district court held that when the United States conveyed certain property interests to the Brandts' predecessors-in-interest and to WYCO's predecessor-in-interest, it kept the reversionary interest in the ROW for itself. The Brandts could not have held title to the ROW at any time – and the district court did not hold that they did – because their predecessors-in-interest never received that reversionary interest from the United States.

**D. The United States Should Not Be Forced To Re-litigate The District Court's Holding That It May Construct And Operate A Recreational Trail On The ROW.**

As discussed above, the district court held that the United States, rather than the Brandts, owned the reversionary interest in the ROW, that title to the ROW was vested in favor of the United States, and "[t]hat the interest hereby quieted and vested in the United States includes the right to construct and operate a recreational trail on the railroad right-of-way." Ex. A at 2. Because the question whether the United States could construct and operate a recreational trail was "actually litigated and determined in" the district court, Shell Petroleum, Inc., 319 F.3d at 1338, and was resolved in favor of the United States, the Brandts cannot seek a second judicial determination of the question in this action, nor can they put the United States to the burden of litigating the question again. See, e.g., Morgan v. Dep't of Energy, 424 F.3d 1271, 1274 (Fed. Cir. 2005) ("Collateral estoppel serves two purposes. It protects litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing needless litigation.").

### E. The Brandts Had A Full And Fair Opportunity To Litigate The Ownership Of The Reversionary Interest In The ROW In The District Court Lawsuit.

The Brandts' argument, Resp. at 17-19, that special circumstances render the application of collateral estoppel inequitable is meritless. The doctrine of collateral estoppel applies to issues actually litigated and resolved by an earlier final judgment of a trial court as long as "the party defending against [collateral estoppel] had a full and fair opportunity to litigate the issue in the first action." Shell Petroleum, Inc., 319 F.3d at 1338. The Brandts had the full and fair opportunity to litigate the issue of title to the ROW upon its abandonment by WYCO in the district court. They took advantage of this opportunity by bringing a counterclaim to quiet title to the ROW in their favor, moving for summary judgment on that counterclaim, and appealing to the Tenth Circuit from the district court's judgment against them, and in favor of the United States. (Dist. Ct. Dkt. 137, Attach. 1 (First Am. Answer & Countercls.); Dist. Ct. Dkt. 139 (Mot. for Summ. J.); Dist. Ct. Dkt. 206 (Notice of Appeal).) Under these circumstances, the Brandts have no basis for arguing that collateral estoppel should not apply.

Moreover, this Court should decline the Brandts' apparent invitation to ignore the district court's final judgment on the ground that the district court might have reached a different conclusion had it been bound by Federal Circuit precedent rather than Tenth Circuit precedent. Resp. at 17-19. "The Court of Federal Claims does not have jurisdiction to review the decisions of district courts," Vereda Ltda v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994)) (internal quotation marks omitted), let alone to resolve conflicts among the precedents of federal appellate courts.

Similarly, if the Brandts wish to challenge the district court's application of Tenth Circuit precedent to the facts of their case, they should raise that challenge directly in the Tenth Circuit rather than improperly attempting to attack the district court's judgment collaterally in this

action.  See, e.g., Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("To permit collateral attacks on bankruptcy court judgments would seriously undercut the orderly process of the law.  The proper forum for appellants' challenges to the bankruptcy trustees' actions therefore lies in the Ninth Circuit, not the Court of Federal Claims." (Internal citation and punctuation omitted)).

## II. If This Court Does Not Dismiss The Brandts' First Amended Complaint, It Should Stay This Action Pending Resolution Of The Brandts' Appeal Of A Related Case.

In their Response, the Brandts provide no explanation as to why they filed this action before the resolution of their appeal from the March 2, 2009 judgment that allegedly took their purported property, and they concede that a stay of proceedings pending the resolution of their appeal would be appropriate.  Resp. at 8.  Indeed, they acknowledge that "[s]hould the Tenth Circuit reverse or vacate the district court's decision, it is possible that no taking would have occurred and this case could then be dismissed."  Id. at 9.  Because the Brandts do not contest the propriety of a stay, this Court should stay this action if it does not dismiss it.[4]

## III.   CONCLUSION

For the reasons stated above and in its motion and memorandum in support, the United States respectfully requests that this Court dismiss the Brandts' First Amended Complaint for failure to state a claim upon which relief can be granted or, in the alternative, stay this action pending the resolution of the Brandts' appeal to the United States Court of Appeals for the Tenth Circuit.

---

[4] As the United States explained in the Memorandum in Support of its Motion to Dismiss or Stay, dismissal of this action would be appropriate regardless of the outcome of the Brandts appeal.  See Memo. in Supp. Of Def.'s Mot. at 14.  On the one hand, if the Tenth Circuit vacates or reverses the district court's judgment, no alleged taking will have occurred.  On the other hand, if the Tenth Circuit affirms the district court's judgment, that judgment will become unquestionably final (barring review by the United States Supreme Court) and this action would be dismissed on grounds of collateral estoppel.

                                      Respectfully submitted,

                                      JOHN C. CRUDEN
                                      Acting Assistant Attorney General

                                      /s/ Joshua A. Doan
                                      JOSHUA A. DOAN
                                      Trial Attorney
                                      U.S. Department of Justice
                                      Environment and Natural Resources Division
                                      Natural Resources Section
                                      P.O. Box 663
                                      Washington, D.C.  20044
                                      Tel: (202) 305-0874
                                      Fax: (202) 305-0506
                                      E-mail: joshua.doan@usdoj.gov

                                      Attorney for Defendant

August 13, 2009


*Of Counsel*:

James B. Snow
Special Counsel for Real Property
U.S. Department of Agriculture
Office of the General Counsel
1400 Independence Ave., S.W.
Washington, D.C. 20250-1400